```
              IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

**EDWARD LEE CLEMMONS,**

                              **Petitioner,**

          **v.**                                      **CASE NO. 93-3338-SAC**

**GARY STOTTS, et al.,**

                              **Respondents.**

<u>**O R D E R**</u>

Before the court is petitioner's motion for relief from judgment from the dismissal of his petition for writ of habeas corpus under 28 U.S.C. § 2254.

In this action, petitioner claimed his rights were violated by correctional staff's seizure of his legal materials, and by the Kansas Supreme Court's refusal to grant an evidentiary hearing in a state habeas petition petitioner filed in that court.

By an order dated May 17, 1994, the district court judge summarily dismissed the petition, finding petitioner's allegations regarding his possession of legal materials presented no basis for proceeding under § 2254, and noting petitioner's filing of a complaint under 42 U.S.C. § 1983 on identical allegations. The court further found no denial of due process by the Kansas Supreme Court's refusal to grant petitioner an evidentiary hearing. The Tenth Circuit Court of Appeals affirmed that final order and judgment, and the Supreme Court denied petitioner's application for

certiorari review.

More than ten years later, petitioner now seeks relief from the final order and judgment entered on May 17, 1994, and essentially claims legal error by the federal courts in reviewing his case. The court denies petitioner's motion.[1]

Rule 60(b) of the Federal Rules of Civil Procedure allows a district court to relieve a party from a final judgment. As the first five reasons cited in that rule are time barred or not relevant under the circumstances, the court considers petitioner's motion as one seeking relief from judgment for "any other reason justifying relief from operation of the judgment." Fed.R.Civ.P. 60(b)(6). However, absent a showing of extraordinary circumstances, Rule 60(b)(6) provides no relief once an appellate mandate has issued affirming the district court's judgment. Colo. Interstate Gas Co. v. Natural Gas Pipeline Co., 962 F.2d 1528, 1534 (10th Cir. 1992). *See also* Huffman v. Saul Holdings Ltd. Partnership, 262 F.3d 1128, 1132 (10th Cir. 2001)(mandate rule requires district court to strictly comply strictly with mandate rendered by the reviewing court). Because no extraordinary circumstances or any changes in the law warrant an exception from the mandate rule in this case, this court lacks authority to grant the relief sought by petitioner.

---

[1] Petitioner alleges error in the court's characterization of petitioner's application as not stating claims appropriate for habeas review, thus his motion for relief from relief from judgment pursuant to Fed.R.Civ.P. 60(b) is appropriate. *See* Gonzalez v. Crosby, 545 U.S. 524, 533-36 (2005)(district court can decide 60(b) motion that challenges the court's failure to reach merits of habeas claims).

IT IS THEREFORE ORDERED that petitioner's motion for relief from judgment (Doc 19) is denied.

**IT IS SO ORDERED.**

DATED:  This 8th day of January 2008 at Topeka, Kansas.

                                 s/ Sam A. Crow
                                SAM A. CROW
                                U.S. Senior District Judge